**DISMISS and Opinion Filed July 2, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00744-CV

### IN RE STACEY D. HOWARD, Relator

**Original Proceeding from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-04354-2013**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

In this original proceeding, relator seeks a writ of mandamus directing the district court clerk to file relator's "motions to enforce and modify its judgment" without requiring relator to pay a filing fee. This Court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. TEX. GOV'T CODE ANN. § 22.221. Section 22.221 expressly limits the writ power of the courts of appeals to issuance of: (a) writs of mandamus and other writs necessary to enforce the jurisdiction of the court, and (b) writs of mandamus against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district, (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the code of criminal procedure in the court of appeals district, or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the family code in the court of appeals district for the judge who appointed the associate judge. *Id.* §§ 22.221(a), 22.221(b)(1–3).

The district clerk is not a district court or county court judge in this court's district, and relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce this Court's appellate jurisdiction. Therefore, we do not have jurisdiction to issue a writ of mandamus against the Collin County District Clerk as requested. *See, e.g., In re Simpson*, 997 S.W.2d 939 (Tex. App.—Waco 1999, orig. proceeding) (per curiam) ("The Government Code does not confer mandamus jurisdiction over District Clerks upon the courts of appeals"); *see also In re Johnson*, No. 05-18-01503-CV, 2018 WL 6629537, at *1 (Tex. App.—Dallas Dec. 19, 2018, orig. proceeding) (mem. op.) (citing *Simpson* and *In re Brown*, No. 06-17-00049-CR, 2017 WL 1404372, at *1 (Tex. App.—Texarkana Apr. 18, 2017, orig. proceeding) (mem. op.)). Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

190744F.P05